Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6435 | **DATE** | 10/7/2011 |
| **CASE TITLE** | Shumpert v. Cook County | | |

**DOCKET ENTRY TEXT:**

Petitioner Shumpert's petition [4] to proceed *in forma pauperis* is denied. His motion [5] for appointment of counsel is also denied. The only way Shumpert may proceed with this case is by paying the filing fee of $350 by 11/21/2011.

■[ For further details see text below.]  Notices mailed by judicial staff.

## STATEMENT

     Petitioner Everett Shumpert ("Shumpert") seeks to file *in forma pauperis* his complaint against defendant County of Cook ("Cook County").

     Shumpert, who seeks relief under 42 U.S.C. § 1983, describes two scenarios that he believes violate his constitutional rights. The first scenario is an invasion of his privacy. Shumpert alleges:

> All recent cable boxes, satellite boxes, and digital HDTV's have built in camera capabilities. The CCD camera that has an built-in analog/digital converter inside the cable type boxes, as well as the CMOS camera inside the HDTV's which are already digital and need no conversion. Both types sample the light in your livingroom turning that light into digital pixels and reverse your images to the broadcaster, and they can zero in on any signal they choose to.
> Plaintiff avers that these tactics were used against him violating his dignity and tresspassing on Plaintiff's privacy. The abuse did not stop there. Other surveillance operation were zeroed in on Plaintiff, such as; HIBR Harnessing Intrastructure for Building Reconnaissance project.

(Plaintiff's Complaint at 2).

     The second situation Shumpert alleges in his complaint involves the hacking of his computer. Plaintiff alleges that on May 13, 2010, the manager and a janitor of the building in which Shumpert lives entered his apartment and attached his computer to the internet. Between 10:58 a.m. and 11:16 a.m. on that date, plaintiff's computer was "linked into" by phone numbers listed to the following: U.S. Representative

Jan Schakowski's office, Evanston Mayor Elizabeth Tisdahl's office, the Housing Authority of Cook County, the Chicago office of U.S. Senator Richard Durbin, and the White House.

Under 28 U.S.C. § 1915, when determining whether a petitioner may proceed *in forma pauperis*, the Court engages in a two-step analysis. First, the Court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). Second, the Court determines whether the complaint is frivolous. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Nietzke*, 490 U.S. at 324. In this case, the Court first concludes that Shumpert has demonstrated sufficiently that he is impoverished within the meaning of the statute. Shumpert states in his affidavit that he has no assets or income other than his $701 per month income from Social Security. He was last employed as a substitute teacher for the Harvey School District #152 from September 2001 through June 2004.

Next, the Court considers whether Shumpert's complaint is frivolous and concludes that it is. Claims are factually frivolous when they are fanciful, fantastic, delusional or rise to the level of the irrational or wholly incredible. *Denton*, 504 U.S. at 33. That describes Shumpert's allegations, and the Court concludes that Shumpert's allegations are factually frivolous. Accordingly, the Court denies his petition to proceed *in forma pauperis*.

In any case, even if the Court had granted leave to proceed *in forma pauperis*, the Court would have immediately dismissed the complaint for failure to state a claim against the sole defendant, Cook County. The *in forma pauperis* statute requires the Court to dismiss the petitioner's complaint if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The only defendant is Cook County, but the law does not recognize vicarious liability under § 1983. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1948 (2009). In order to establish a claim under § 1983 against a governmental entity, one must put forth evidence that the constitutional violation resulted from a policy or custom of the governmental entity. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-691 (1978). Plaintiff has made no such allegations, and, therefore, fails to state a claim against the only defendant he named in the complaint.

Because the Court has denied the petition to proceed *in forma pauperis*, the Court also denies Shumpert's motion for appointment of counsel.

Finally, because the claims under § 1983 are frivolous, plaintiff is prohibited from refiling the § 1983 claims unless he pays the filing fee of $350 for this suit. *See Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (a plaintiff may proceed after a dismissal under 28 U.S.C. §1915(e)(2)(B)(i) only by paying the filing fee).